[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13747
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80061-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMIKA LYNETTE BELLE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Tamika Belle appeals her sentence of 27 months' imprisonment followed by three years' supervised release, imposed after she pleaded guilty to making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).  Belle challenges the substantive reasonableness of her sentence, which fell at the bottom of her calculated guidelines range of 27 to 33 months.  Specifically, she argues that the sentence did not take into account the circumstances of her offense and her cooperation with law enforcement after her arrest.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  Here, Belle only challenges the substantive reasonableness of her sentence.

Substantive reasonableness review seeks to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).  The court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).

2

In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

District courts do not have to conduct an accounting of every factor or explain the role each factor played in the sentencing decision. *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam). We will reverse a sentence for being substantively unreasonable only when we are "left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

It was well within the district court's considerable discretion to sentence Belle to a term of 27 months' imprisonment. First, Belle's sentence was at the low end of the Guidelines. While we have not adopted a presumption of reasonableness for sentences within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have stated that "when the district court imposes a sentence within the advisory Guidelines range, we

3

ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788. Moreover, the reasonableness of a sentence may also be indicated where the sentence imposed is well below the statutory maximum sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) . Here, Belle's conviction carries a statutory maximum of ten years of imprisonment. 18 U.S.C. § 924(a)(2). Belle was sentenced to 27 months' imprisonment, well below the statutory maximum.

Next, the record shows that the district court properly weighed the § 3553 factors when it decided Belle's sentence. The court noted the fact that Belle committed her offense while on probation, thus demonstrating that she was unaware of the "consequences of violating the rules." The district court's observations implicated a number of the statutory factors, such as the history and characteristics of the defendant, the need to promote respect for the law, and the need to deter other criminal conduct. *See* § 3553(a)(2)–(3). The court also mentioned that it would have considered a downward variance had Belle not been on probation, thus demonstrating that the court considered the kinds of sentences available. *See* § 3553(a)(4). It was not necessary for the court to discuss each of the § 3553(a) factors individually. *Robles*, 408 F.3d at 1328.

A district court has substantial discretion to weigh the various relevant factors and to give weight to certain factors over others. *See United States v.*

*Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *abrogated on other grounds by*

*Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007).  Thus, the district

court was also permitted to give more weight to the fact that Belle committed the

current offense while on probation for a prior offense over the fact that Belle

cooperated with the government in turning over the gun.  *See United States v.*

*Overstreet*, 713 F.3d 627, 638 (11th Cir.), *cert. denied*, 134 S. Ct. 229 (Oct. 7,

2013) ("Although the district court must evaluate all § 3553(a) factors in imposing

a sentence, it is permitted to attach great weight to one factor over others."

(internal quotation marks omitted)).

Given the deference afforded district court decisions under abuse of

discretion review, there was no error as to the substantive reasonableness of Belle's

sentence.

**AFFIRMED.**

5